UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEVE TEMMING, | Case No. 21-cv-04858-LB |
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO DISMISS** |
| v. | Re: ECF No. 35 |
| SUMMUS HOLDINGS, LLC, et al., | |
| Defendants. | |

## INTRODUCTION

The plaintiff leased a medical laser (allegedly falsely branded as a K-Laser product) at a veterinary trade show in San Francisco through a lease agreement with an equipment supplier and financer, Beneficial Equipment Finance Corporation. He thought it was manufactured by Eltech K-Laser, an Italian company, in part because an employee of Summus Medical Laser (the supplier) told him that it was, and the branding was deceptively similar. Toward the end of his lease, he determined that the laser was (allegedly) counterfeit, and he sued Summus Medical Laser, its holding company Summus Holdings, and its principal Richard Albright for trafficking in counterfeit goods and fraud, in violation of the federal RICO statute, and false advertising and fraud under state law.

The court previously determined that there was personal jurisdiction only against Summus Medical (and not Summus Holdings and Dr. Albright). It also granted the defendants' motion to dismiss the RICO and all state-law claims (except for the fraud claim) because the plaintiff did not

plausibly plead them. The defendants moved to dismiss the amended complaint on the same grounds: the plaintiff's failure to (1) establish personal jurisdiction over Summus Holdings and Dr. Albright and (2) plausibly plead claims. They also moved to transfer the case to Pennsylvania under a forum-selection clause in the plaintiff's lease with Beneficial.

First, there is no personal jurisdiction over Summus Holdings and Dr. Albright. The plaintiff asks for jurisdictional discovery to test the jurisdictional facts in Dr. Albright's declaration, but because discovery would not yield jurisdictionally relevant facts, the court denies the motion.

Second, the claim under California's False Advertising Law (FAL) survives because it is based on the employee's allegedly false statement that Eltech manufactured the laser. Otherwise, the court grants the motion to dismiss: (1) the RICO claim fails because the plaintiff did not plausibly plead investment injury and two RICO predicate acts, and (2) the plaintiff did not oppose the motion to dismiss the common-law fraud claim (because he thought it unnecessary given the court's earlier order). (The court orders supplemental briefing on the fraud claim.) The court denies the motion to transfer: the defendants did not meet their burden to show that that they are a third-party beneficiary of the plaintiff's lease agreement with Beneficial.

## STATEMENT

The allegations in the amended complaint are largely unchanged.[1] In sum, the plaintiff leased a medical laser branded as a K-Laser Platinum after seeing it at a trade show in San Francisco, thought it was manufactured by Eltech K-Laser made in Italy (based on its branding and because Summus Medical employee Scott Allen said that it was), learned near the end of the lease that it was not manufactured by Eltech, and then sued the defendants.[2] The product was labeled K-Laser USA and showed a Franklin, Tennessee, address.[3]

---

[1] Second Am. Compl. (SAC) – ECF No. 33; Order – ECF No 32 at 7–10. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. This order incorporates the facts and analysis in the earlier order by this reference.

[2] SAC – ECF No. 33 at 3–4 (¶¶ 8–12).

[3] Prod. Info., Ex. 1 to SAC – ECF No. 33-1; Label, Ex. 2 to SAC – ECF No. 33-2.

The equipment lease is signed by the plaintiff only, although there is an unsigned signature area that says "ACCEPTED BY LESSOR: Beneficial Equipment Finance Corporation." It lists the equipment supplier as K-Laser USA LLC. It lists the product as the K-Laser Platinum 4.[4] The agreement provides that the lessor is not warranting the equipment because it is not the manufacturer and the lessee selected the supplier and the equipment.[5] It has an inspection clause: the lessee agreed to inspect the equipment within 48 hours of delivery, and unless the lessee objected, it is presumed conclusively "as between Lessor and Lessee that: (A) Lessee has fully inspected the Equipment; (B) the Equipment is in full compliance with the terms and conditions of this Lease; (C) the Equipment is in good condition and repair; and (D) Lessee has accepted the Equipment and the obligation to remit rent shall begin."[6] It has a purchase option at the end of the lease for $1. It provides that the supplier is not an agent of the lessor.[7] It has waiver and indemnity terms: for example, the lessee waives the right to recover damages from the lessor for breaches of warranty or "any other reason," and the lessee must indemnify the lessor for liability "pertaining in any way to the Equipment."[8] The agreement has a Pennsylvania choice-of-law provision, a venue provision for state and federal courts in Pennsylvania, and the plaintiff's agreement to personal jurisdiction in Pennsylvania courts.[9] The plaintiff signed the agreement, initialed each page, and initialed the choice-of-law and venue provision.[10]

The claims in the amended complaint are (1) a RICO violation (18 U.S.C. § 1962(c)), based on four predicate acts: trafficking in a counterfeit good, mail and wire fraud, (18 U.S.C. §§ 2320, 1341, and 1343), and unlawful sale of a counterfeit good (Cal. Penal Code § 350); (2) false advertising in violation of the FAL (Cal. Bus. & Prof. Code § 17500); and (3) common-law

---

[4] Equip. Lease Agreement – ECF No. 33-4 at 2 (boxes at top of agreement and signature blocks at the bottom of the page)
[5] *Id.* (¶¶ 4, 10).
[6] *Id.* (¶ 11).
[7] *Id.* (¶ 9).
[8] *Id.* at 3 (¶¶ 18–19).
[9] *Id.* at 4.
[10] *Id.* at 2–4.

ORDER – No. 21-cv-04858-LB                    3

fraud.[11] The court held a hearing on the defendants' motion to dismiss on January 13, 2022. There is federal-question jurisdiction predicated on the RICO claim and diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[12]

## ANALYSIS

The four issues raised in the motion to dismiss are (1) whether there is personal jurisdiction over Summus Holdings and Dr. Albright (and whether the plaintiff is entitled to jurisdictional discovery), (2) whether the plaintiffs plausibly pleaded a RICO claim, (3) whether the defendant is a third-party beneficiary of the plaintiff's lease-finance agreement with Beneficial and, if not, did the plaintiff plausibly plead state-law claims, and (4) whether transfer to Pennsylvania is appropriate under the lease agreement's forum-selection clause.

The court grants the motion in part. There is no personal jurisdiction (and the court denies the request for jurisdictional discovery because there is no colorable basis for it). The plaintiff did not plausibly plead a RICO claim because he did not plausibly plead investment injury or the RICO predicates, and he did not oppose the motion to dismiss the fraud claim. He did plausibly plead a FAL claim based on the alleged deceptive practices. The court denies the motion to transfer the case to Pennsylvania because the defendants are not third-party beneficiaries of the lease-finance agreement and thus are not entitled to the benefit of its terms).

### 1. Personal Jurisdiction

The earlier order recounts the jurisdictional facts and held that there was no personal jurisdiction over Summus Holdings and Dr. Albright.[13] The amended complaint adds no new facts that change that analysis. The plaintiff thus asked for jurisdictional discovery. At the hearing, he

---

[11] *Id.* at 6–16 (¶¶ 17–48).
[12] Consents – ECF Nos. 12, 16.
[13] Order – ECF No. 32 at 7–10.

ORDER – No. 21-cv-04858-LB         4

clarified that he wanted to depose Dr. Albright to test the declaration that he submitted to show lack of personal jurisdiction. A court has the discretion to allow a plaintiff to conduct limited discovery when a defendant contests personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). But generally, there must be some colorable basis for the discovery. *Id.* (There is no abuse of discretion in denying limited discovery when the request was based on "little more than a hunch that it might yield jurisdictionally relevant facts."). Here, there is no basis for the discovery (such as, for example, an alter-ego theory of liability). The court denies the request.

## 2. RICO Claim

The plaintiff claims a violation of the RICO statute, 18 U.S.C. § 1962(c), based on the predicate acts of (1) trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320, (2) mail fraud in violation of 18 U.S.C. § 1341, (3) wire fraud in violation of 18 U.S.C. § 1343, and (4) the unlawful sale of a counterfeit good in violation of Cal. Penal Code § 350.[14] The defendant moved to dismiss because the plaintiff did not plead investment injury and also because the plaintiff did not plead two predicate acts under RICO sufficiently.[15]

The parties do not dispute that the plaintiff must plead investment injury.[16] The earlier order analyzed the sufficiency of the plaintiff's allegations and concluded that he did not plausibly plead investment injury. The earlier order also analyzed the sufficiency of the allegations to support the predicate acts and concluded that the plaintiff did not plausibly plead the predicate acts.[17] The new complaint adds no new allegations that alter that outcome.[18] The court thus dismisses the RICO claim because — despite being given an opportunity to cure the earlier complaint's deficiencies — he did not plausibly plead investment injury or the RICO predicates.

---

[14] SAC – ECF No. 33 at 6–12 (¶¶ 17–36).

[15] Mot. – ECF No. 35 at 9–12; Reply – ECF No. 39 at 7.

[16] Mot. – ECF No. 35 at 9; Opp'n – ECF No. 17 at 18.

[17] Order – ECF No. 32 at 11–12.

[18] The docket contains a blackline version of the new complaint against the original complaint. Blackline Compl. – ECF No. 33-5 (showing all additions to the earlier complaint).

### 3. State Claims

The plaintiff did not oppose the motion to dismiss the common-law fraud claim. At the hearing, he said that he thought he did not have to because the court previously let the claim stand. That is incorrect: An "amended complaint supersedes the original, the latter being treated thereafter as nonexistent," and any motion to dismiss must be targeted to the amended complaint. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (collecting cases); *see* 6 Wright, Miller, & Kane, 6 Fed. Prac. & Proc. Civ. § 1476 (4th ed. 2010) (same). A defendant thus may move to dismiss claims even on grounds that the court rejected previously.

Ordinarily, the court would dismiss with leave to amend. But for judicial economy, the court instead orders that within fourteen days from the date this order is filed, the plaintiff may oppose the motion to dismiss the common-law fraud claim in a brief of up to five pages. Seven days after the opposition is filed, the defendant may file an optional reply brief of up to two pages.

The remaining claim is for false advertising in violation of the FAL. Cal. Bus. & Prof. Code § 17500. The defendant moved to dismiss it on two grounds: (1) the choice-of-law provision under the lease-finance agreement with Beneficial allows claims only under Pennsylvania law, and the defendant is a third-party beneficiary of the agreement; and (2) the plaintiff does not plausibly state an FAL claim under California law.[19]

#### 3.1   Choice-of-Law Provision of Lease Agreement

Under California law, a "contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. The issue here is whether the defendant is an intended beneficiary. Read as a whole in light of the circumstances under which it was made, the contract must "clearly manifest" the intent to benefit the third party. *Martin v. Bridgeport Cmty. Ass'n, Inc.,* 173 Cal. App. 4th 1024, 1034 (2009); *Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 891 (2006); *Markowitz v. Fidelity Nat'l. Title Co.*, 142 Cal. App. 4th 508, 527 (2006). "Ascertaining this intent is a question of ordinary contract interpretation." *Markowitz*, 142 Cal. App. 4th at 527. The basic test is "whether an intent

---

[19] Mot. – ECF No. 35 at 12–15, 17–18.

to benefit a third person appears from the terms of the contract." *Cargill, Inc. v. Souza*, 201 Cal. App. 4th 962, 967 (2011). The determination of intent is generally a question of fact. *Hotel Emp. and Restaurant Emp. Local 2 v. Vista Inn Mgmt. Co.,* 393 F. Supp. 2d 972, 987 (N.D. Cal. 2005).

The terms of the contract show no intent to benefit the defendant. It is named as the supplier, but other terms — such as the lessor's representation that it is not warranting the equipment, the terms about the lessee's selecting and approving the equipment, the term that the supplier is not the lessor's agent, and the waiver and indemnity terms — show that this is a standard lease-financing agreement between a lessor and a lessee. Reading the contract as a whole in light of the circumstances that surrounded it, nothing suggests any intent that the defendant is an intended beneficiary. At the hearing, the defendant pointed to the purchase option at the end of the contract, but that does not suggest an intent to benefit the supplier. The defendant cites only generic California contract cases that do not support the conclusion that a supplier like Summus Medical is an intended beneficiary of an agreement like this one.[20] Also, apparently the parties to the financing agreement rescinded it.[21]

Because the defendant has not sustained its burden to show that it is a third-party beneficiary of the contract, it cannot benefit from its choice-of-law or forum-selection provisions. Thus, the court denies the motion to apply Pennsylvania law or transfer the case to Pennsylvania.

**3.2   Plausible Claim Under California's FAL Law**

The defendant also contends that (1) there is no private right of action under the FAL and (2) the plaintiff does not plausibly plead false advertising.[22]

First, there is a private right of action under the FAL. Cal. Bus. & Prof. Code § 17500; *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1344 (2003) ("Both private persons and prosecuting authorities may sue to enjoin false advertising and obtain restitution" under § 17500) (cleaned up).

---

[20] *Id.* at 13–14.

[21] Opp'n – ECF No. 37 at 21.

[22] Mot. – ECF No. 35 at 15.

Second, the plaintiff plausibly pleads a FAL claim based on misleading branding and the alleged misrepresentations made at the trade show.

Claims under the FAL (like claims under California's Consumer Legal Remedies Act and Unfair Competition Act) are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer standard, [plaintiffs] must show that 'members of the public are likely to be deceived.'" *Id.* (cleaned up). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]" because [it] requires 'consideration and weighing of evidence from both sides.'" *Id.* at 938–39 (cleaned up) (quoting *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007)). "The California Supreme Court has recognized that these laws prohibit 'not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Id.* (cleaned up) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)). "A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under these sections." *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332–33 (1998).

The court's earlier order described the circumstances at the trade show:

> [T]he plaintiff, a retired veterinarian[,] . . . attended a veterinary convention in San Francisco. There, Scott Allen, a sales representative for the defendants, demonstrated a Class IV medical laser to the plaintiff and told him that the defendants were authorized distributors of the device, which was manufactured in Italy by a company called Eltech K-Laser S.r.l. The display devices had the "K-Laser" mark, which was substantially similar to the mark belonging to Eltech K-Laser, thereby suggesting that they were genuine products manufactured by Eltech. Mr. Allen "sold [a device with the K-Laser mark] to Plaintiff at the convention." The product was a "Platinum 4, 24W CW, 28W ISP Laser."[23]

The issue is whether the plaintiff stated a claim by alleging similar branding and a misrepresentation about the product's origin. He alleges that the defendants "pass[ed] off" their lasers as those manufactured by Eltech K-Laser S.r.l. in part by using a substantially similar mark

---

[23] Order – ECF No. 32 at 2; *see* SAC – ECF No. 33 at 2 (¶ 3), 4 (¶ 11), 15 (¶ 42); Prod. Info., Ex. 1 – ECF No. 33-1; Prod., Exs. 2–3 – ECF Nos. 33-2–33-3.

with the same font design and colors.[24] Then, a Summus Medical employee said that the company was an authorized distributor of products manufactured by Eltech K-Laser.[25] He demonstrated the laser to the plaintiff and told him that it was manufactured by Eltech K-Laser S.r.l. in Italy (when it was not).[26] This plausibly pleads a FAL claim.

Brand names themselves can be misleading. *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1170–71 (2018) ("One a Day" brand for vitamins was misleading because two pills were necessary). Selling look-alike copies of a product can be misleading too. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003). The defendant contends that the mark is literally true, but a perfectly true statement can be stated in a way that is likely to mislead or deceive the consumer. *Day*, 63 Cal. App. 4th at 332–33; *Skinner v. Ken's Foods, Inc.*, 53 Cal. App. 5th 938, 949 (2020). And a failure to disclose a fact can be actionable under the reasonable-consumer test "when the defendant actively conceals a material fact from the plaintiff." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (2011).

The product's allegedly deceptive branding and the misrepresentation about its origin plausibly plead consumer confusion in violation of the FAL. Whether the conduct was deceptive is a question of fact not appropriate for decision on a motion to dismiss. *Williams*, 552 F.3d at 938–39.

## CONCLUSION

The court dismisses the RICO claim with prejudice and denies the motion to transfer. Within fourteen days, the plaintiff may oppose dismissal of the fraud claim in a five-page brief, and the defendant may reply seven days afterwards in a two-page brief.

**IT IS SO ORDERED.**

Dated: January 21, 2022

LAUREL BEELER
United States Magistrate Judge

---

[24] SAC – ECF No. 33 at 13 (¶ 39).
[25] *Id.* at 3–4 (¶ 8).
[26] *Id.* at 13–14 (¶¶ 39–40).